**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SB,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　Defendant. | No. CV-20-01842-PHX-JAT<br><br>**ORDER** |

　　　　Pending before the Court is Plaintiff's Motion for Leave to Proceed Under Pseudonym (Doc. 2). Defendant has responded and does not oppose the motion. (Doc. 12). For reasons that follow, the Court will grant the motion.

　　　　Federal Rule of Civil Procedure 10(a) provides that "[t]he title of the complaint must name all the parties." However, a party may proceed anonymously in judicial proceedings "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Use of a pseudonym may be appropriate "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature." *Id.* (internal quotation omitted).

　　　　Here, Plaintiff's claim involves her history as a victim of human trafficking and sexual assault, a subject matter clearly of sensitive and highly personal nature. Courts have routinely recognized the importance of allowing victims of sexual assault to maintain their privacy. *See Jordan v. Gardner*, 986 F.2d 1521, 1525 n.4 (9th Cir. 1993) ("In keeping with

the tradition of not revealing names of the victims of sexual assault, we use initials here to protect the privacy of the inmates."); *Doe v. United Airlines, Inc.*, 2018 WL 3997258, at *2 (D. Nev. 2018) ("District Courts within the Ninth Circuit uniformly allow plaintiffs alleging sexual assault to proceed under pseudonyms." (internal quotation omitted)); *see also Doe v. El Paso Cty. Hosp. Dist.*, No. EP-13-CV-00406-DCG, 2015 WL 1507840, at *4 (W.D. Tex. Apr. 1, 2015) ("The Court finds instructive another line of cases in which the nature of the allegations sometimes warrants anonymity—those involving the sexual assault of the plaintiff." (citing cases)); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("[S]exual assault victims are a paradigmatic example of those entitled to a grant of anonymity.").

Next, because Defendant is aware of Plaintiff's identity and acknowledges that no unfair prejudice will result from the use of a pseudonym under the circumstances of this case (Doc. 12 at 2), the Court finds that Plaintiff's need for privacy outweighs any potential prejudice to Defendant.

Finally, the Court also finds that Plaintiff's interest in protecting her privacy outweighs the public's interest in knowing her identity. Although the public has an interest in knowing the identities of the parties to the case, *see Advanced Textile*, 214 F.3d at 1068, the public also "generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes," *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) (quoting *Kolko*, 242 F.R.D. at 195). On balance, the Court finds that in this case, where Plaintiff is suing to recover benefits from the government, the public interest favors Plaintiff's anonymity. *See Doe v. Alger*, 317 F.R.D. 37, 41 (W.D. Va. 2016) ("When a plaintiff challenges the government or government activity, courts are more like[ly] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing.").

In sum, this case presents the special circumstances where proceeding under a pseudonym is appropriate.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Proceed Under Pseudonym (Doc. 2) is **GRANTED**. Plaintiff may continue to identify herself as "SB" on all future filings in this case consistent with the agreement of the parties.

Dated this 15th day of January, 2021.

James A. Teilborg
Senior United States District Judge