1   WO

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9   SB,                                       No. CV-20-01842-PHX-JAT

10              Plaintiff,                     **ORDER**

11   v.

12   Commissioner    of   Social   Security
    Administration,

13
                Defendant.
14

15          Pending before the Court is Plaintiff's motion for attorney's fees under the Equal

16   Access to Justice Act.  (Doc. 32).  Defendant did not respond to or otherwise oppose the

17   motion, and the deadline to do so has expired.

18            "A litigant is entitled to attorneys' fees under the EAJA if: '(1) he is
              the prevailing party; (2) the government fails to show that its position was
19            substantially justified or that special circumstances make an award unjust;
              and (3) the requested fees and costs are reasonable.' *Carbonell v. I.N.S.*, 429
20            F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791,
              793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A)."
21

22   *Michele M. v. Saul*, No. 19-CV-00272-JLB, 2020 WL 5203375, at *1 (S.D. Cal. Sept. 1,

23   2020).

24          Here, following remand to the agency, Plaintiff is the prevailing party.  Further, the

25   Government did not respond to the motion; thus, the Government failed to rebut Plaintiff's

26   argument that the Government's position was not substantially justified.  (*See* Doc. 32 at

27   2); *Russell v. Sullivan*, 930 F.2d 1443, 1445 (9th Cir. 1991) (noting that the burden is on

28   the Government to prove its position was substantially justified).

Finally, Plaintiff seeks $21,568.70 in attorney's fee and $905.00 in costs. (Doc. 32). The Court has reviewed both the motion for fees and the itemized fee statement and finds that the fees sought are reasonable for the work performed. The Government has not opposed this conclusion.

Based on the foregoing,

**IT IS ORDERED** granting the motion (Doc. 32) such that fees in the amount of $21,568.70 as authorized by 28 U.S.C. § 2412, and costs in the amount of $905.00 as authorized by 28 U.S.C. § 1920 are awarded.

**IT IS FURTHER ORDERED** that if, after receiving this Order, the Commissioner: (1) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (2) agrees to waive the requirements of the Anti-Assignment Act, then the check for the fees awarded herein will be made payable to Plaintiff's attorney.[1] However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and any remaining Equal Access to Justice Act fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

Dated this 1st day of March, 2024.

James A. Teilborg
Senior United States District Judge

---

[1] Counsel requested that the check be payable to him in his proposed form of Order. (Doc. 32-2 at 1-2). However, counsel did not expressly state that Plaintiff assigned these fees to him, nor did counsel provide a copy of an assignment. The Court has taken the proposed form of Order as a representation by counsel that Plaintiff assigned these fees to him. If no such assignment exists, counsel must move to amend this Order within 14 days so that the fees will be paid to the client.