**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SB, | No. CV-20-01842-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff SB's counsel's Motion for Attorney Fees under 42 U.S.C. § 406(b). (Doc. 34). The Commissioner of the Social Security Administration ("Commissioner") did not respond. The Court now rules.

## I.    BACKGROUND

An Administrate Law Judge ("ALJ") denied Plaintiff's claim for Social Security disability benefits in December 2019, and Plaintiff appealed that decision before this Court. (Doc. 1). The Court affirmed the ALJ's decision. (Doc. 23). Plaintiff appealed to the Ninth Circuit Court of Appeals, (Doc. 25), and the Clerk of Court directed the parties to schedule mediation, (Doc. 28). The parties subsequently filed a Joint Stipulation to Dismiss the Appeal and Remand for Further Proceedings. (Doc. 29). The Ninth Circuit granted the stipulation and ordered this Court to remand the matter for further administrative proceedings. (Doc. 29; *see also* Doc. 30 (ordering remand "consistent with the mandate of the Court of Appeals")). Following remand, Plaintiff requested $21,568.70 in attorney fees under the Equal Access to Justice Act ("EAJA"). (Doc. 32). The Court found that the fees

sought were reasonable for the work performed, granted the unopposed motion, and awarded EAJA fees in the amount of $21,568.70. (Doc. 33).

On remand, the ALJ issued a favorable decision. The Commissioner issued a Notice of Award that awarded Plaintiff $314,674 in past-due benefits and set aside $78,668.50 for payment of attorney fees.[1] (*See* Doc. 34-1 at 8, 12, 14). Plaintiff's counsel now seeks 25% of Plaintiff's past-due benefits—$78,668.50—pursuant to § 406(b).

## II.   LEGAL STANDARD

A court entering judgment in favor of a Social Security claimant represented by counsel "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Though "[t]he statute does not specify how courts should determine whether a requested fee is reasonable," *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009), the Supreme Court has made clear that the first step is to respect "the primacy of lawful attorney-client fee agreements," *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). A court may deviate downward from a requested fee award "if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151. "Because the [Commissioner] has no direct interest" in how the award is apportioned between client and counsel, district courts must independently "assure that the reasonableness of the fee is established." *Id.* at 1149.

In determining whether fees sought under § 406(b) are reasonable, the Court considers the contingent-fee agreement, the character of the attorney's representation, and the achieved result. *Gisbrecht*, 535 U.S. at 808. Although not controlling, courts may also consider the number of hours spent representing the claimant and the attorney's normal hourly billing rate for non-contingent-fee cases in determining reasonableness. *Id.* at 808–

---

[1] Plaintiff's past-due benefits amounted to $259,624 and $64,906 was withheld for attorney fees. (Doc. 34-1 at 8). Plaintiff's two children were listed beneficiaries on Plaintiff's Social Security record and 25% of their past-due benefits—$6,987 and $6,775.50, respectively— was withheld for payment of attorney fees. (Doc. 34-1 at 12, 14). The amount withheld between the three recipients of past-due benefits totals to $78,668.50 ($64,906 + $6,987 and $6,775.50).

09. Finally, if a claimant's attorney receives fees under both the EAJA and § 406(b), the attorney must "refund to the claimant the amount of the smaller fee." *Id.* at 796 (citation omitted).

### III.    DISCUSSION

Applying the *Gisbrecht* factors, the Court finds that the requested fee is reasonable. Plaintiff contractually agreed to pay counsel 25% of her past-due benefits. (Doc. 34-1 at 17). Plaintiff's counsel now seeks $78,668.50, or 25%, of Plaintiff's $314,674 retroactive disability award. (Doc. 34). Counsel's itemization of services indicates 93.1 hours of attorney services rendered, which equates to a rate of $845 per hour ($78,668.50/93.1 hours). (Doc. 34-1 at 23). This rate is in line with effective hourly rates previously approved in this Circuit. *See Young v. Colvin*, No. CV-11-538-PHX-SMM, 2014 WL 590335, at *2 (D. Ariz. Feb. 14, 2014) (citing *Crawford*, 586 F.3d at 1153) (noting approval of effective hourly rates of $519, $875, and $902). Further, the effective hourly rate lowers to $613.30 per hour (an 18.1% contingency fee) when the Court factors in the EAJA fees that will be refunded to Plaintiff.

Furthermore, upon review of the record, the Court finds no indication that Plaintiff's counsel engaged in any substandard performance or undue delay in prosecuting Plaintiff's case. Counsel diligently represented Plaintiff before this Court and the Ninth Circuit Court of Appeals, and through those efforts, Plaintiff was ultimately awarded all benefits for which she applied. Thus, upon consideration of the *Gisbrecht* reasonableness factors, in addition to the risk involved in the contingency fee arrangement in this case, the Court concludes that a fee award of $78,668.50 is reasonable and will approve an award in this amount.

Because Plaintiff's counsel "must refund to the claimant the amount of the smaller fee [between the attorney fees payable under both the EAJA and § 406(b)]," *Gisbrecht*, 535 U.S. at 796, the Court will order Plaintiff's counsel to refund the $21,568.70 EAJA award to Plaintiff upon Plaintiff's counsel's receipt of the attorney fees awarded by this Order.

**IV.  CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's counsel's Motion for Attorney Fees under 42 U.S.C. § 406(b)(1)(A), (Doc. 34), is **GRANTED** in the amount of $78,668.50.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall, after receipt of the above-awarded fee, refund to Plaintiff the fee previously awarded under the EAJA, in the amount of $21,568.70.

Dated this 3rd day of April, 2026.

James A. Teilborg
Senior United States District Judge